FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT EDWARD TORRES,

Defendant - Appellant.

No. 11-50289

D.C. No. 3:08-cr-02559-L-5

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Argued and Submitted January 11, 2013
Pasadena, California

Before:    O'SCANNLAIN and W. FLETCHER, Circuit Judges, and
KORMAN, Senior District Judge.[**]

Robert Edward Torres appeals from a judgment convicting him of one count

of importation of marijuana and one count of possession of marijuana with intent to

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Edward R. Korman, Senior United States District
Judge for the Eastern District of New York, sitting by designation.

distribute. Torres challenges his conviction on a number of grounds. Each is without merit.

First, Torres argues the evidence was insufficient to support the jury's verdict. This argument fails because the evidence was more than sufficient under the applicable standard of review. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Second, Torres argues he was deprived of his right to a fair trial by the admission of hearsay statements into evidence and that his trial counsel was ineffective for failing to object thereto. The admission of these statements, even if admitted in error, was not sufficiently prejudicial to satisfy the standard for plain error, *see United States v. Anekwu*, 695 F.3d 967, 973 (9th Cir. 2012), or ineffective assistance of counsel.

Third, Torres argues his trial counsel were ineffective because they (1) erroneously described Torres as closely acquainted with a co-defendant in the defense's opening statement, (2) failed to object to improper expert opinion testimony, (3) failed to investigate and present exculpatory evidence, and (4) failed to object to inadmissible hearsay statements, as addressed above. Torres does not argue that any individual error constituted ineffective assistance. Instead, he argues the "cumulative effect" of these alleged errors was "so great that it denied [him] the right to a fair trial." We disagree. The errors together do not satisfy the first prong of *Strickland*

*v. Washington*, 466 U.S. 668, 688 (1984). More significantly, our review of the record persuades us that there is not "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Fourth, Torres argues that the prosecutor misled the jury as to the sentence Scott Wilske, an accomplice, faced in federal and state court. He argues that the prosecutor's leading question, which suggested that Wilske pled guilty "in exchange for an eight-year [federal] sentence," was misleading. Further, Torres argues that Wilske did not testify truthfully with respect to a sentence he faced in state court for a violation of probation and that the prosecutor withheld information in her possession that would have permitted defense counsel to impeach Wilske's credibility. *See Giglio v. United States*, 405 U.S. 150 (1972). The record is not sufficiently developed to permit us to resolve these issues on direct appeal. Thus, while we affirm the judgment of conviction, we do so without prejudice to the filing of a motion pursuant to 28 U.S.C. § 2255.

**AFFIRMED.**[1]

---

[1]    The unopposed motion of the United States Attorney for judicial notice of certified transcripts of state court hearings relating to a probation violation by Scott Wilske is granted.

3